JULIA RHINELANDER DODGE and GEORGE J. GREEN-
FIELD, as Trustees Under the Last Will and Testament
of PHILIP R. PAULDING, Deceased, Appellants, v.
MARY L. GALLATIN, BARTHOLOMEW DONEGAN
and JAMES REILLY, Respondents.

*Equitable estate in real property — when a devise of the testator's residuary estate will
convey a legal title acquired after the execution of the will.*

In 1797 Frederick Rhinelander applied to the corporation of the city of New York
for a grant of lands under water abutting upon his upland. The common
council directed the grant to be made, but the clerk of the board neglected to
deliver the written grant.

In 1798 the legislature, on petition of the city, passed a statute granting riparian
owners the fee simple of lands under water, abutting upon their uplands to be
filled in by them. Frederick Rhinelander improved and filled in the land to
West street, and in 1805 died intestate. His widow and daughter released and
conveyed to his remaining child, William Rhinelander, Jr., all their interest,
legal and equitable, in this property, and he entered into possession of the
premises, and in 1807 renewed the application to the common council and asked
that the grant should be delivered to him. The grant was accordingly executed
and delivered to him on November 16, 1807.

By his will, executed in February, 1807, William Rhinelander, Jr., in terms devised
the residuary estate of which he was seized or possessed at the time of making
such will, or of which he should be seized or possessed at the time of his death,
to an ancestor of the defendants.

In this action, brought to recover the premises in question, the plaintiffs claimed
that the property conveyed by the city of New York to William Rhinelander, Jr.,
was acquired by him after the execution and publication of his will, and that,
under the laws then existing, it passed to his heirs-at-law and not to his devisee,
under whom the defendants claimed title to the property.

*Held,* that at the time of making his will the testator had an equitable estate in the
premises which passed by his will, and that the claim of the plaintiffs that
William Rhinelander, Jr., having died prior to the revision of the statutes in
1830, died intestate as to these premises, was untenable.

Appeal by the plaintiffs from a judgment entered upon the report
of a referee, in the office of the clerk of the city and county of New
York on September 26, 1887, adjudging that the complaint herein
be dismissed on the merits of the action. The action was brought
to recover from the defendants the possession of lands known as
Nos. 229 and 230 West street, between Beach street and North
Moore street, in the city of New York.

*William G. Bussey* and *Edward Stevens*, for the appellants.

*Henry H. Anderson*, for the respondents.

Macomber, J. :

The plaintiffs seek to recover the possession of the property in question as the heirs-at-law of William Rhinelander, Jr., who died in the city of New York in the year 1809.

The defendants claim the right to withhold the possession of this property by virtue of the last will and testament of the same William Rhinelander, Jr., which was executed on the 3d day of February, 1807. The foundation of the legal demand made by the plaintiffs is the allegation and contention that the property in question was acquired by William Rhinelander, Jr., after the execution and publication of his will, and hence that it passed to his heirs-at-law, and not to his devisees. Though the will did, in precise terms, attempt to devise not only the lands which the testator then owned and possessed, but all which he should thereafter acquire, yet the property embraced in this action, if acquired subsequently, would be divided among the heirs-at-law under the laws as they stood prior to the revision of the statutes in the year 1830. (*Lynes* v. *Townsend*, 33 N. Y., 561.) The deed from the city of New York to William Rhinelander, Jr., was executed on the 16th day of November, in the year 1807. If this deed were the beginning of the title or right of possession in William Rhinelander, Jr., the contention in behalf of the plaintiffs would, in the absence of other defenses, undoubtedly prevail.

The principal question, therefore, is, had the defendants' testator, at the time that he made the will (February 3, 1807), any title or right of possession to these lands? It is to be observed that the deed from the city of New York to William Rhinelander, Jr., among other things, confirms unto the said party of the second part, *in his actual possession now being*, and to his heirs and assigns the lands in question. This was a clear admission, on the part of the city of New York, that William Rhinelander, Jr., had been in possession of the premises for some length of time prior to the execution of this deed. Did he have, at the time the will was made, an equitable estate in the premises? If he had, such estate, what-

ever it was, passed by the terms of his will and has been acquired by the defendants.

In May, 1797, Frederick Rhinelander, the father of William Rhinelander, Jr., was an abutting owner of the premises in suit; being such, he applied to the corporation of the city of New York for a grant of these lands which were under water. His petition was referred to the street committee of the common council; they reported May 29, 1797, that the grant ought to be made and the common council directed it to be made. The clerk of the board, however, neglected to deliver the written grant. In 1798 the legislature, on petition of the city, passed a statute granting riparian owners the fee simple of lands to be filled in by them. Frederick Rhinelander went on to and improved the property under the terms of the city grant of 1797 and the legislative grant of 1798, and, at great expense, filled in the land from high-water mark east of Washington street to West street. In the year 1805, while in the actual possession of the premises and exercising ownership and control over them, he died intestate. His widow released her dower to the son, William Rhinelander, Jr., and her daughter Maria subsequently conveyed to the son William Rhinelander, Jr., all her interest, legal and equitable, in the property of her father. Hence it will be seen that William Rhinelander, Jr., had come into possession of this property in the year 1805. He was knowing to the previous application of his father, as riparian owner, to the use of these lands under water. He renewed the application to the common council early in the year 1807, setting forth in his petition the well-established facts of his father's previous application and the resolution of the common council acceding to his prayer, and asking that the grant should be delivered to him as the sole riparian owner. This was accordingly done on the 16th day of November, 1808, by the deed above mentioned.

As the referee has properly found, both under the Dongan charter of 1686 and the Montgomerie charter of 1730, the fee of the land under water abutting the upland, for a distance of 400 feet beyond low-water mark of the Hudson river, was vested in the mayor, aldermen and commonalty of the city of New York, and that the corporation of the city of New York uniformly made grants of the

land under water, owned by it, to the riparian owners abutting such land under water.

The resolution of the common council, in the year 1797, above mentioned, granting to Frederick Rhinelander the land under water mentioned in his application, was sufficient to give him an equitable estate in the lands, if followed by an acceptance of the same and an expenditure of moneys by him, acting upon the faith thereof and relying thereon. That the city agreed to make the grant and proposed to charge for that part of it lying between high and low-water marks, the sum of £400, New York money, or $1,000, its equivalent; and that the part beyond low-water mark was to be given on reservation of the usual quit rents, is abundantly established by the evidence in the case. It follows, therefore, that the claim of the plaintiffs that William Rhinelander, Jr., died intestate as to these premises, is untenable, and the referee was correct in dismissing their complaint.

The judgment should be affirmed, with costs.

Van Brunt, P. J., and Brady, J., concurred.

Judgment affirmed, with costs.